UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT BUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-289 |
| | ) |
| PAIGE MCNULTY, individually | ) |
| and as Manager of the Gary | ) |
| Community School Corporation, | ) |
| and the GARY COMMUNITY | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Judgment on the Pleadings [DE 49] filed by the defendants, Paige McNulty and Gary Community School Corporation, on January 31, 2025. The plaintiff, Robert Buggs, filed his Response [DE 51] on February 28, 2025. Defendants filed their Reply [DE 52] on March 14, 2025. This matter is fully briefed and ripe for ruling. On April 21, 2025, the court *sua sponte* ordered the parties to file objections to the court's proposed undisputed facts. Plaintiff and Defendants filed their responses, and the court notes no disputed material facts. Accordingly, the court will treat the Motion for Judgment on the Pleadings [DE 49] as a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). For the following reasons, Summary Judgment is **GRANTED,** and this case is **CLOSED**.

*Background*

Defendants filed a Motion for Judgment on the Pleadings [DE 49] after the close of discovery. Because the court felt that a motion for summary judgment was more appropriate, an order was entered on April 21, 2025 which included proposed findings of fact and directed the

parties to file any objections to those facts. Buggs filed an objection, and Defendants filed a motion challenging the sufficiency of Buggs's objections.

Defendants correctly note that the objections do not comply with Local Rule 56. N.D. Ind. L.R. 56(b)(2). Buggs failed to file an affidavit or cite to any admissible evidence which contradicts the proposed facts.

On the merits, Defendants highlighted the inconsistencies between the objections and the allegations contained in the Complaint [DE 4]. Additionally, the objections themselves are inconsistent. For example, Objection 2 states, "Plaintiff disputes that McNulty informed him he could not enter the school." However, Objection 5 states in part, "McNulty…blocked his path and physically bumped into him…" Without an explanation, Buggs ignored Paragraph 5 of his Complaint, which alleges, "McNulty…insisted that Plaintiff had no right to be at the school and demanded that Plaintiff leave the school."

Buggs has not demonstrated that the April 21 proposed findings of fact are subject to a reasonable dispute. The pleadings will be considered as a motion for summary judgment. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

### *Undisputed Material Facts*

1. Prior to August 12, 2021, the plaintiff, Robert Buggs, was the president of the Gary School Board.

2. Due to financial problems, the State of Indiana assumed responsibility for the operation of the Gary Community School Corporation ("School Corporation") and appointed the defendant, Paige McNulty, as the Emergency Manager.

3. Because of the decision of the State of Indiana, Buggs and the other duly elected board members no longer had management responsibility or authority over the daily affairs of the School Corporation.

4. However, Buggs and the other board members served on the Gary School Advisory Board and met with McNulty on a regular basis.

5. The West Side Academy is a high school operated by the School City. On August 12, 2021, a portion of the building was being used by McNulty and her staff as the administrative offices. A security officer and a metal detector separated the administrative offices from the high school portion of the building.

6. On August 12, 2021, Buggs arrived at the West Side Academy and entered the building in the area of the administrative offices. Buggs stopped at the security desk and presented his identification.

7. According to Buggs, he had been informed of problems at the high school, and as president of the Advisory Board, he intended to investigate the complaints.

8. When Buggs attempted to enter the high school portion of the building, he was confronted by McNulty. Buggs was informed by McNulty that he could not enter the high school, but he insisted he had the right to do so as president of the Advisory Board.

9. When Buggs refused to leave the building, the security officer, a member of the Gary Police Department, escorted Buggs from the building.

10. Because McNulty, not Buggs, had responsibility for the operation of the School Corporation, she had the authority to deny Buggs access to the high school.

11. McNulty had the right to order Buggs, a trespasser, removed from the building by the security officer.

12. Whatever the security officer may have done in detaining Buggs and confining him in the squad car was done by the security officer after Buggs was removed from the building and not at the direction of McNulty.

## *Discussion*

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper only if the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Gnutek v. Illinois Gaming Bd.*, 80 F.4th 820, 824 (7th Cir. 2023); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014); *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021).

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F.

Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

The court will first address Buggs' constitutional claims alleging violations of the Fourth, Sixth, and Fourteenth Amendments. Then the court will handle Buggs' 42 § U.S.C. 1983 claim. As a preliminary matter, in his Response [DE 51], Buggs failed to respond to Defendants' arguments for summary judgment on the Fourth and Sixth Amendment claims. A party waives an argument or abandons a claim when it fails to respond to an argument raised on summary judgment. *Fultz v. Taylor*, 2023 WL 2328212 at *5 (N.D. Ind. Mar. 1, 2023) (citing to *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)). In an effort to be thorough, the court will nevertheless evaluate the merits of these claims.

**Fourth Amendment Claim**

The Fourth Amendment to the U.S. Constitution protects people from unreasonable searches and seizures of their person, house, papers, or effects. U.S. Const. Amend. IV. "Only government activity that constitutes either a 'search' or a 'seizure' is regulated by the Fourth

Amendment." *Skains v. Lake Cent. Sch. Corp.*, 2023 WL 4947927 at *5 (N.D. Ind. Aug. 2, 2023) (quoting *Christensen v. Cnty. of Boone*, 483 F.3d 454, 459 (7th Cir. 2007)). A person is seized in violation of the Fourth Amendment by physical force or showing of authority "that in some way restrain[s] the liberty of" a person." *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968).

Here, Buggs was asked to leave the school grounds, so he was a trespasser without a legal right to remain at the school. Buggs was removed because he was inside the school illegally, after refusing to vacate the premises. To constitute a "showing of authority," government actions must demonstrate unambiguous intent to restrain and must be such that a "reasonable person would have believed he was not free to leave." *Brendlin v. California*, 551 U.S. 249, 2405 (2007) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). However, removing an authorized person from school grounds is not a violation of an individuals' Fourth Amendment rights. The named defendants are not the ones who physically restrained Buggs in the squad car after he was lawfully removed from the school.

Accordingly, Defendants' Motion for Summary Judgment [DE 49] is **GRANTED** as to the Fourth Amendment Claim.

**Sixth Amendment Claim**

The Sixth Amendment grants rights to criminal proceedings. *Turner v. Rogers*, 564 U.S. 431, 442 (2011). U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."). Buggs was not a defendant in a criminal proceeding. Therefore, his

Sixth Amendment rights were not violated.

Defendants' Motion for Summary Judgment [DE 49] is **GRANTED** as to the Sixth Amendment Claim.

**Fourteenth Amendment Claim**

The Fourteenth Amendment prohibits state and local governments from depriving "any person of life, liberty, or property, without due process of law" or denying "equal protection of the laws." U.S. Const. Amend. XIV. Plaintiff does not specify if he is alleging a due process violation or an equal protection violation. [DE 4]. The court briefly will address both.

a. Due Process

To make a claim for a violation of due process, a plaintiff must establish that the "interest" in question "is within the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972). Protected property interests are those of actual entitlement and protected by the Constitution. *Martin v. Copeland*, 2019 WL 3890284, at *4 (N.D. Ind. Aug 19, 2019) (quoting *Roth*, 408 U.S. at 577); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 943 (7th Cir. 1996). Buggs must show: 1) a legitimate property interest; 2) the deprivation of that property interest; and 3) a denial of due process. *Manistee Apartments, LLC v. City of Chi.*, 844 F.3d 630, 633 (7th Cir. 2016).

Buggs has not demonstrated evidence of a protected property interest. He was a trespasser, and a trespasser does not have a right to enter property which does not belong to him. *Superior Oil Co. v. Somers Drilling Co.*, 143 F.2d 49, 50 (7th Cir. 1944). To the extent that Buggs is claiming that he was stripped of his authority to enter the school by the State of Indiana, that is not at issue in this case.

Buggs contests Defendants' motion for summary judgment on the due process claim, arguing

that "an essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" [DE 51 at 6]. Again, Buggs did not have a property interest in being at the school because he no longer was president of the Gary School Board. Consequently, he was not entitled to a hearing on his instant removal from the school.

### b. Equal Protection

To establish a prima facie case of discrimination under the Equal Protection Clause, a plaintiff must show that he is a member of a protected class, he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Buggs has not claimed to be a member of a protected class. He also has not pled that he was discriminated against or treated differently than anyone else.

## 42 U.S.C. § 1983 Liability

Section 1983 is a mechanism by which constitutional rights are enforced. It does not create substantive rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Buggs sued McNulty, in her individual and official capacity, and the School Corporation. Because Buggs suffered no constitutional violation, there is no § 1983 liability—for either McNulty or the School Corporation.

### a. Against Dr. McNulty

Buggs concedes in his Response [DE 51] that suing McNulty in both her individual and official capacity is redundant as Buggs already sued the School Corporation. The court will thus proceed in evaluating McNulty's liability in her individual capacity only. There is no dispute that McNulty was a state actor. "[S]tate employment is generally sufficient to render the defendant a state actor." *West v. Atkins*, 487 U.S. 42, 48 (1988). Buggs must demonstrate that McNulty, acting under color

of state law, deprived him of a constitutionally protected right. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

The parties do not dispute that McNulty, as the School Corporation Emergency Manager, was acting under color of law when she told Buggs he could not enter the school and when she ordered his removal from the building. Buggs asserts McNulty is not entitled to qualified immunity because her conduct "violates clearly established constitutional rights." [DE 51 at 4]. However, there was no constitutional deprivation as Buggs was a trespasser. Qualified immunity protects government officials from liability where their conduct does not violate clearly established constitutional rights. *Doxator v. O'Brien*, 39 F.4th 852, 863 (7th Cir. 2022). Buggs was not subject to an interference of property rights because he was trespassing on school city property and refused to leave. *Leliaert v. City of South Bend*, 2024 WL 3876146, at *4 (N.D. Ind., Aug. 20, 2024).

b. *Monell* **liability for Gary Community School Corporation**

In order to prevail on this claim, Buggs must show that the School Corporation violated his constitutional rights by an expressed policy that causes constitutional deprivations, a widespread practice so well settled to constitute a custom with the force of law, or the act of a person with final policymaking authority. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023); *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658, 691 (1978). Because there was no constitutional violation, the School Corporation cannot be held liable under § 1983.

Defendants' Motion for Summary Judgment [DE 49] is **GRANTED** as to the Fourteenth Amendment claim.

**State Law Claims**

Buggs failed to assert identifiable state law claims in his Complaint. [DE 4]. Any potential state law claims loosely alluded to in the Complaint are waived for Buggs's failure to comply with

the Indiana Tort Claims Act ("ITCA"). Ind. Code § 34-13-3-1. The ITCA requires notice that describes "'the facts on which the claim is based' including: 'the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.'" *Chariton v. City of Hammond*, 146 N.E.3d 927, 934 (Ind. Ct. App. 2020) (quoting Ind. Code. § 34-13-3-10).

Buggs argues compliance with the ITCA notice requirement because he sent McNulty a Public Records Request shortly after the August 12, 2021 incident. Buggs cites to *Collier v. Prater*, where the Indiana Supreme Court found that the plaintiff's letter to the City of Indianapolis's legal department notifying it of his intent to sue demonstrated substantial compliance with the ITCA notice requirement. *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989). *Collier* is distinguishable from this case because, though Buggs requested a copy of the incident report involving "allegations of [my] threatening her, security, and administrative staff," it is not the equivalent of specifically stating an intent to sue. [DE 51, Exhibit A].

Defendants move to strike Bugg's Affidavit [DE 53], which serves to authenticate Exhibit A. Because the court is treating the motion as one for summary judgment, rather than a motion for judgment on the pleadings, Defendants' Motion to Strike Supplemental Affidavit [DE 54] is **DENIED**. Fed. R. Civ. P. 12(d).

## *Conclusion*

Accordingly, Defendants' Motion for Summary Judgment [DE 49] is **GRANTED**. This case is now **CLOSED**.

ENTERED this 31st day of July, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge